[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

_____

No. 11-15148
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20360-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

OBES JEANTY,
a.k.a. John Doe,
a.k.a. D.V.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2012)

Before BARKETT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Obes Jeanty appeals his convictions for making a false statement in a passport application, in violation of 18 U.S.C. § 1542, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Jeanty argues that the district court erred by accepting his guilty plea and by participating in plea discussions. After careful review, we affirm.

Jeanty argues that his plea was not knowing and voluntary both in the "constitutional sense," United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997) (noting that due process requires a plea to be "voluntary"), and under Federal Rule of Criminal Procedure 11, see Fed. R. Crim. P. 11(b)(1)–(2) (requiring districts courts to ensure that defendants are aware of "the nature of each charge," among other things). However, Jeanty never filed a motion to withdraw his guilty plea or otherwise brought to the district court's attention any concerns about the alleged deficiencies in the plea colloquy. Thus, his claims of error are subject to plain error review. See United States v. Moriarty, 429 F.3d 1012, 1018–19 & n.2 (11th Cir. 2005).

Under that standard, a defendant who seeks to obtain the reversal of his conviction must show a reasonable probability that, but for the deficiencies in the plea colloquy, he would not have entered the plea. See United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009) (citing United States v. Dominguez Benitez,

2

542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004)); cf. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985) (requiring same showing for a claim seeking to set aside a guilty plea based on ineffective assistance of counsel). Here, even if one were to assume that the plea colloquy was deficient, Jeanty has not suggested that he might not have pleaded guilty. He therefore has failed to make the necessary showing to obtain the reversal of his convictions.

Jeanty also argues that the district court impermissibly participated in plea discussions, in violation of Federal Rule of Criminal Procedure 11(c)(1). According to Jeanty, the district court intruded on plea discussions when it stated: "Compared to some of the defendants I have had I don't know that Mr. Jeanty deserved the pile of bricks." This argument also fails. The district court made that statement in the middle of the plea colloquy. Thus, the plea negotiations had already taken place. The district court's comment simply cannot be viewed as an attempt to urge the parties to engage in such discussions or as an indication of the court's approval of its outcome. Cf., e.g., United States v. Casallas, 59 F.3d 1173, 1176 (11th Cir. 1995) (holding as impermissible the court's suggestion that the defendant "talk to his lawyer some and see if [not pleading guilty] is really what he wants to do").

For the foregoing reasons, we affirm the judgment of the district court.

3

**AFFIRMED.**